McGREGOR W. SCOTT
United States Attorney
MARIANNE A. PANSA
Assistant U.S. Attorneys
Federal Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:06 CR 00291 OWW |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(e)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| YVONNE LOPEZ, | Date: To Be Determined<br>Time: 9:00 a.m.<br>Dept: Courtroom Two |
| Defendant. | |

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, and MARIANNE A. PANSA, Assistant United States Attorney, and the defendant, YVONNE LOPEZ, and her attorney KAREN L. LYNCH, have agreed as follows:[1]

///

---

[1] The defendant acknowledges that this plea agreement is limited to the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1. The defendant acknowledges that she has been charged by Indictment, 1:06 CR 00291 OWW, in the Eastern District of California as follows:

Count One:

Conspiracy to Possess Stolen Mail, Fraudulent Use of an Access Device Issued to Another Person, and Bank Fraud in violation of 18 U.S.C. §371.

Counts Six through Seventeen:
Fraudulent Use of an Access Device Issued to Another Person and Aiding and Abetting, in violation of 18 U.S.C. §§ 1029(a)(5) and 2.

2. Agreements by the Defendant.

(a) The defendant agrees that this plea agreement shall be filed with the Court and become a part of the record in the case.

(b) The defendant agrees to enter a plea of guilty to Count One of the Indictment, charging her with conspiracy. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the factual basis of this agreement are true and accurate.

(c) The defendant agrees that her base offense level is 6 pursuant to U.S.S.G. §2B1.1(a)(2).

(d) The defendant agrees that a four-level enhancement applies because the loss amount is more than $10,000 and less than $30,000, pursuant to U.S.S.G. §2B1.1(b)(1)(C).

(e) The defendant agrees to pay restitution in the amount of approximately 17,300, or an amount as determined by the United States Probation Office.

(f) If the U.S. Probation Office determines it is warranted, the defendant agrees to participate in and complete a drug treatment

probation office.

(g) The defendant agrees to withdraw any pending pretrial motions.

(h) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§3551-3742 and 28 U.S.C. §§991-998, and as modified by United States v. Booker and United States v. Fanfan, 125 S. Ct 738 (2005), and must take then into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentence range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. §3553(a).

(i) The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Two, Three or Five adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties stipulate and agree not to move for, argue in support of, or submit any additional information to the court for any

1  deponent and the government stipulate
2  and agree not to move for, or argue in support of, any sentence
3  other than the sentence determined by the sentencing guidelines
4  consistent with the stipulations herein. Both parties agree and
5  stipulate that the guideline sentence is a reasonable sentence in
6  this case.
7  (j) The defendant understands and agrees that the Court is not a
8  party to this agreement, that sentencing is a matter solely within
9  the discretion of the Court, the Court is under no obligation to
10 accept any recommendations made by the government, and the Court
11 may in its discretion impose any sentence it deems appropriate up
12 to and including the statutory maximum stated in this Plea
13 Agreement. If the Court should impose any sentence up to the
14 maximum established by the statute, the defendant cannot, for that
15 reason alone, withdraw her guilty plea, and she will remain bound
16 to fulfill all of the obligations under this Agreement. The
17 defendant understands that neither the prosecutor,
18 defense counsel, nor the Court can make a binding prediction or
19 promise regarding the sentence she will receive.
20 (k) The defendant is aware that Title 18, United States Code,
21 Section 3742 affords a defendant the right to appeal the sentence
22 imposed. Acknowledging this, the defendant knowingly and
23 voluntarily agrees to waive all Constitutional and statutory
24 rights to appeal her conviction, including, but not limited to an
25 express waiver of appeal of this plea (including venue and statute
26 of limitations) and to attack collaterally her mental competence,
27 and her plea, whether by way of a motion pursuant to 28 U.S.C.
28 §2255, 18 U.S.C. §3742, or otherwise. The defendant knowingly and

4

voluntary appeal waiver provision if the sentence imposed is within the maximum provided in the statutes of conviction (or the manner in which that sentence was determined) on the grounds set forth in title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives her right to challenge her sentence or the manner in which it was determined in a post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Section 2241 or 2255.

(1)   If the defendant's conviction on the count to which she is pleading is ever vacated at the defendant's request, or her sentence is ever reduced at her request, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision, including Double Jeopardy.  In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to

5

1  witness or informant, any statements made by the defendant to the
2  government or other designated law enforcement agents, or any
3  testimony given by the defendant before a grand jury or other
4  tribunal, whether before or after her Agreement, shall be
5  admissible in evidence in any criminal, civil, or administrative
6  proceedings hereafter brought against the defendant; and (2) the
7  defendant shall assert no claim under the United States
8  Constitution, any statute, Rule 11(e)(6) of the Federal Rules of
9  Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or
10 any other federal rule, that statements made by the defendant
11 before or after this Agreement, or any leads derived therefrom,
12 should be suppressed.  By signing this Agreement, the defendant
13 waives any and all rights in the foregoing respects.
14 (m)  The defendant agrees to waive all rights under the "Hyde
15 Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover
16 attorneys' fees or other litigation expenses in connection with
17 the investigation and prosecution of all charges in the above-
18 captioned matter and of any related allegations (including without
19 limitation any charges to be dismissed pursuant to this Agreement
20 and any charges previously dismissed).
21 (n) The defendant agrees that if she fails in any way to fulfill
22 completely all of the obligations under this plea agreement, the
23 defendant will assert no claim under the United States
24 Constitution, any statute, Rule 410 of the Federal Rules of
25 Evidence, Rule 11(e)(6) of the Federal Rules of Criminal
26 Procedure, or any other federal rule, that the defendant's
27 statements pursuant to this agreement or any leads derived
28 therefrom, should be suppressed or are inadmissible.

3.  (a)  The government will recommend that the defendant receive a two-level reduction in the computation of her offense level due to her acceptance of responsibility if her adjusted offense level is below 16; or a three-level reduction in the computation of her offense level if her adjusted offense level is 16 or greater; provided that the defendant qualifies for such a reduction in her interview with the probation officer, pursuant to U.S.S.G. §3E1.1.

(b) The government agrees that the defendant's base offense level is 6 pursuant to U.S.S.G. §2B1.1(a)(2).

(c) The government agrees that a four-level enhancement applies because the loss amount is more than $10,000 and less than $30,000, pursuant to U.S.S.G. §2B1.1(b)(1)(C).

(d)  The government agrees that the defendant will pay restitution in an amount determined by the United States Probation Office.

(e)  The government agrees to recommend that the defendant participate in and complete a drug treatment program, and testing, as directed by the U.S. Probation office.

(f)  The government agrees to recommend a sentence at the bottom of the applicable guideline range.

(g) If the defendant's total adjusted guideline range falls within Zone B or Zone C of the U.S. Sentencing Guidelines, the government agrees not to oppose a split sentence if this sentence is recommended by the United States Probation Office.

(h)  The government agrees to dismiss Counts Six through Seventeen, as to this defendant only, without prejudice at the time of the defendant's sentencing.  The government also agrees not to reinstate any dismissed count except as provided in

1 paragraph of my Plea Agreement.

4. <u>Nature, Elements, Possible Defenses, and Factual Basis.</u>

(a) The defendant has read the charges contained in the Indictment, and those charges have been fully explained to her by her attorney.

(b) The defendant fully understands the nature and elements of the crime with which she has been charged, together with the possible defenses thereto, and has discussed them with her attorney.

The elements of the crime of Conspiracy, in violation of 18 U.S.C. § 371, are as follows:

First, there was an agreement between two or more persons to possess stolen mail, to fraudulently use the access devices issued to another person, and to commit bank fraud; and

Second, the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act in furtherance of the conspiracy.

(c) The defendant will plead guilty because she is in fact guilty of the crime set forth in the Indictment. The defendant also agrees that the following are the facts of the case, although she acknowledges that, as to other facts, the parties may disagree:

Beginning at an unknown time but not earlier than January 15, 2002, and continuing to on or about April 17, 2005, in the State and the Eastern District of California, defendant YVONNE LOPEZ conspired with, and aided and abetted co-defendants Maria Resendez, Erika Flores Herrera, Jimmy Jacob Renteria, Daniela Euceda Macias, and others, to possess stolen United States mail, to fraudulently use an access device issued to another person,

8

and control of a financial institution by false pretenses.

Specifically, on or about April 11, 2005, co-defendant Daniela Euceda Macias, possessed and deposited a MNBA Convenience Check Number 3323, for $3549.00 which had been stolen from the United States mail into defendant YVONNE LOPEZ's checking account number 1189360, opened at the Selma, Educational Employees Credit Union using an Automated Teller Machine ("ATM") card and Personal Identification Number ("PIN"). Co-defendants Erika Flores Herrera, Maria Resendez, and others also possessed and deposited checks which had been stolen from the United States mail into the account. The total amount of stolen checks deposited into defendant YVONNE LOPEZ's account was approximately 17,300.

Subsequently, co-defendants Maria Resendez and Jimmy Jacob Renteria used the defendant YVONNE LOPEZ's ATM card assigned to the account to purchase numerous items from Walmart and Kragen Auto Parts in Bakersfield, California and Mervyns located in Fresno and Clovis, California thereby affecting interstate commerce. The amount of goods purchased with the ATM card exceeded $1,000.

5. <u>Potential Sentence</u>.

The following is the maximum potential sentence which the defendant faces:

    (a) Imprisonment.

        Maximum: Five (5) years.

    (b) Fine.

        Maximum: $250,000.00.

    (c) Both such fine and imprisonment.

    (d) Restitution: Approximately $17,300.00 or an amount determined by the United States Probation Office.

    (e) Term of Supervised Release.

        Maximum: Three years.

        (Should the defendant violate any of the terms of her supervised release, she can be returned to prison for the term of supervised release actually imposed by the court, or two (2) years, whichever is less.)

    (f) Penalty Assessment.

        Mandatory: $100.

The defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) At trial, she would have the right to be assisted by an attorney, who would be appointed if necessary.

(c) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(d) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(f) At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. The defendant understands that by pleading guilty she is waiving all of the rights set forth above and the defendant's attorney has explained those rights to her and the consequences of her waiver of those rights.

7. <u>Questions by Court</u>.

The defendant understands that if the Court questions her under oath, on the record and in the presence of counsel, about the offenses to which she has pleaded guilty, her answers, if false, may later be used against her in a prosecution for perjury or false statement.

8. <u>Entire Agreement</u>.

The defendant and her attorney acknowledge that no threats, promises or representations have been made, nor agreements reached, other than those set forth in the Agreement, to induce the defendant to plead guilty.

///

///

11

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 5 above. Also, should the Court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw her plea.

10. **Right to Counsel**.

The defendant understands that she has a right to counsel throughout her case from her initial appearance through her trial or guilty plea or dismissal of the case against her and through and including any sentencing. Unless waived in the agreement, the defendant has a right to counsel for a direct appeal in her case. The defendant understands that the right to counsel includes the provision of defense counsel through the Court if the defendant cannot afford to hire counsel.

11. **Presentence Report**.

The defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of the defendant's activities and her background and prepare a presentence report which it will submit to the Court as its own sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment or were the subject of

///

1 | dismissed count 2.

2 DATED: 1/11/07        McGREGOR W. SCOTT
                        United States Attorney
3
                        By /s/ Marianne A. Pansa
4                       Marianne A. Pansa
                        Assistant U.S. Attorney
5

6 DATED: 1/4/07
                        YVONNE LOPEZ
7                       Defendant

8
9 DATED: 1/09/07

10                      KAREN L. LYNCH
                        Attorney for YVONNE LOPEZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13